RICHARD B. ANGSTADT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Angstadt v. Commissioner
Docket No. 29295-88
United States Tax Court
T.C. Memo 1990-433; 1990 Tax Ct. Memo LEXIS 450; 60 T.C.M. (CCH) 512; T.C.M. (RIA) 90433; August 13, 1990, Filed An appropriate order will be issued and decision will be entered for the respondent. Richard B. Angstadt, pro se. Daniel Morman, Keith L. Gorman, and David A. Breen, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in petitioner's Federal income taxes for 1982, 1983, 1984, and 1985 in the amounts of $ 6,136, $ 8,216, $ 10,115, and $ 9,154, respectively, and additions to tax as follows: Additions to Tax
Year
Sec. 6651(a)(1) [1]
Sec. 6653(a)(1) *
Sec. 6654
Sec. 6661
1982
$ 1,020.63
$ 306.80
$ 347.52
$ 1,534.00
1983
1,479.19
410.80
326.81
2,054.00
1984
1,752.78
505.75
391.90
2,528.75
1985
1,598.25
457.70
327.01
2,288.50
*453 Additionally, respondent, in an amendment to answer, asserted that petitioner is liable for the additions to tax for fraud under sections 6653(b)(1) and (2) as follows: Years
Sec. 6653(b)(1)
Sec. 6653(b)(2)
1983
$ 4,108.00
50% of interest
due on $ 8,216.00
1984
5,058.00
50% of interest
due on $ 10,115.00
1985
4,577.00
50% of interest
due on $ 9,154.00
The issues to be decided are: 1. Whether respondent's deficiency determinations for petitioner's taxable years 1982, 1983, 1984, and 1985 are correct. 2. Whether petitioner is liable for additions to tax for: (a) failure to file returns under section 6651(a)(1) for 1982-1985; (b) negligence or intentional disregard of the rules and regulations under section 6653(a)(1) and (2) for 1982, and, in the alternative to the fraud additions to tax, for 1983-1985; (c) failure to pay estimated tax under section 6654 for 1982-1985; (d) substantial underpayment of tax under section 6661 for 1982-1985; and (e) underpayment of tax due to fraud under section 6653(b)(1) and (2) for 1983-1985. 3. Whether petitioner is liable for a penalty under section 6673 for instituting *454 and maintaining this action primarily for delay. As discussed below, we find for respondent with respect to the deficiencies and additions to tax. However, we do not impose a penalty on petitioner under section 6673. FINDINGS OF FACT Petitioner resided in Shoemakersville, Pennsylvania when he filed this petition. Petitioner was married and had two children during 1983-1985. From 1983 through 1985, petitioner was employed by the Dana Corporation (Dana). He submitted false W-4 Forms to Dana on January 3, 1983 and February 27, 1983, claiming 14 withholding allowances. This resulted in Dana's underwithholding the proper amount of tax from petitioner. Petitioner did not file another W-4 Form until 1987, when he claimed 10 withholding allowances. Petitioner did not file Federal income tax returns for any of the years at issue. Petitioner explained his failure to file as follows: Petitioner did not file Federal Income Tax forms 11's [sic] for the years in question. There are 291 different Federal Income Tax Return forms design [sic] for information and tax returns, and the respondent still refuses to identify the particular form that petitioner was/is required to file. *455 Respondent determined that petitioner realized wage income of $ 24,846.47, $ 31,451.06, $ 36,997.18, and $ 35,288.00 for 1982, 1983, 1984, and 1985, respectively. Respondent also determined that petitioner realized interest income of $ 14 and $ 11 for 1983 and 1984, respectively. Respondent determined that petitioner's filing status for 1982-1985 was married filing separately and that he was entitled to only one exemption for each of the years at issue. Petitioner admitted that respondent's adjustments to his income tax liability as set forth in the notice of deficiency were proper. Petitioner failed to produce evidence establishing that he had any federal income tax withheld during any of the years in issue. Petitioner claimed he was entitled to deductions for the following: 1982 1983 1984 1985
Interest expenses
$ 2,041.00
$ 2,426.00
$ 2,489.00
$ 2,338.00
Union Dues
225.00
305.00
356.00
344.00
Work clothing
200.00
200.00
300.00
500.00
Business expenses
800.00
700.00
1,100.00
1,400.00
Charitable
2,000.00
2,400.00
2,650.00
2,800.00
contributions
Sales tax
600.00
800.00
855.00
765.00
City tax
248.28
313.57
369.92
358.54
State income tax
546.21
778.27
887.99
856.76
Unemployment tax expense
--  --  36.95
35.26
*456 Petitioner failed to produce any credible documentation or receipts to prove his entitlement to these deductions. Petitioner offered a purported "log" of expenses, but the log was not admitted into evidence. We do not believe it is credible. The log was an uncorroborated and noncontemporaneous list of total claimed deductions. Petitioner provided no receipts, bills, or cancelled checks to substantiate his expenses. During pretrial discovery, petitioner failed to produce any documents to respondent. He did not sufficiently respond to respondent's request for admissions, making it necessary for respondent to file motions: (1) to request review of the sufficiency of petitioner's response to respondent's request for admissions numbers 1 and 4; and (2) to compel production of documents or to impose sanctions under Rule 104. The Court then ordered petitioner to serve on respondent an amended response to respondent's request for admissions numbers 1 and 4 and to produce documents or file with the Court any objections made in good faith. Only then did petitioner file a response to respondent's request for admissions numbers 1 and 4. However, he did not produce any of the requested *457 documents at issue. At trial, petitioner refused to sign a stipulation of facts which consisted of petitioner's address and a statement that documents, such as the notices of deficiency and respondent's request for admissions, are what they purport to be. Petitioner gave as his reason for refusal to sign the stipulation that the IRS does not have the authority or delegated authority to issue the deficiency notice. OPINION Petitioner argues that respondent possesses no authority to prepare a substitute return or to examine petitioner's books and records, and that the notices of deficiency were issued without proper delegated authority despite the fact that they were signed by a District Director. Petitioner also argued at trial and throughout this case that the Commissioner does not have delegated authority to issue a notice of deficiency or examine the books and records of any citizen of Pennsylvania. At trial, petitioner stated that "there is no requirements for a 1040 to be filed unless you are a nonresident, an alien * * *." Petitioner also stated at trial that he "was not even a person required to fill out a W-4," but did so only because he was told to do so by his employer *458 and signed it under duress. It is well established that the authority to determine and issue statutory notices of deficiency is vested by statute in the Secretary of the Treasury or his delegate. See secs. 6212(a), 7701(a)(11)(B), and 7701(a)(12)(A)(i). Pursuant to sections 301.6212-1(a) and 301.7701-9(b), Proced. & Admin. Regs., the Secretary has delegated to District Directors the authority to send deficiency notices. ; see , affd. .A District Director possesses the requisite authority to sign and to mail statutory notices of deficiency and may redelegate this authority to various subordinates except as restricted by proper order or directive. ; see sec. 301.7701-9(c), Proced. & Admin. Regs.; ; . Similarly, it is clear that respondent is entitled to prepare substitute returns for taxpayers who fail to do so themselves, *459 section 6020(b)(1), but the substitute return does not preclude a taxpayer's statutory right to a hearing on the deficiency and the elements that comprise it. , citing . Petitioner's contention that respondent lacks authority to examine petitioner's books and records is also without merit. Under section 7602(a), respondent may examine the books, records, papers, or other data as are relevant or material to the examination of, or where none has been made preparation of, a taxpayer's return. Respondent's deficiency determination in his statutory notice of deficiency is presumed to be correct. Petitioner must prove by a preponderance of the evidence that respondent erred in his determination. ; Rule 142(a). Petitioner conceded, and we find, that respondent's determination of his income for 1982-1985 was correct. Additions to Tax
Failure to File Returns
Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for tax years 1982-1985. Section *460 6651(a)(1) provides for an addition to tax for failure to file a timely tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The burden of proof is on petitioner to show that the failure is due to reasonable cause and not willful neglect. ; , affd. without published opinion . Petitioner was deemed to admit that he did not file income tax returns for tax years 1982 through 1985 and provided no explanation for such failure. Accordingly, we sustain respondent's determination that petitioner is liable for an addition to tax under section 6651(a)(1). Negligence
Respondent also determined that petitioner is liable for additions to tax under section 6653(a)(1) and (2) for 1982 and, in the alternative to the additions to tax for fraud, for 1983-1985. Section 6653(a)(1) imposes an addition to tax equal to five percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) *461 imposes an additional liability of 50 percent of the interest payable on the deficiency with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules or regulations. Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. ; . We find that petitioner's underpayment is due to intentional disregard of rules and regulations in 1982. Because we find that petitioner is liable for the additions to tax for fraud under section 6653(b)(1) and (2) for tax years 1983-1985 (see below), petitioner is liable for additions to tax under section 6653(a)(1) and (2) for 1982, but not 1983-1985. Failure to Pay Estimated Tax
The addition to tax for failure to pay estimated tax under section 6654 is mandatory unless the taxpayer can demonstrate that he comes within one of the computational exceptions set forth in section 6654(e), none of which are present here. ; *462 . In considering the addition to tax under section 6654, extenuating circumstances are not relevant and no inquiry is to be made with regard to reasonable cause or extenuating circumstances. ; . Petitioner presented no evidence to establish that he made estimated tax payments. Therefore, respondent's determination with respect to the addition to tax under section 6654 is sustained. Substantial Understatement of Tax
We must also decide whether petitioner is liable for an addition to tax under section 6661(a) for a substantial understatement of tax liability for 1982 through 1985. Section 6661 authorizes an addition to tax when there is a substantial understatement of income tax in any given taxable year. Section 6661(a). The Omnibus Budget Reconciliation Act of 1986 increased the rate at which the addition to tax pursuant to section 6661 was imposed from 10 to 25 percent for additions to tax assessed after October 21, 1986. . *463 A substantial understatement exists if in any year the amount of the understatement exceeds the greater of 10 percent of the amount required to be shown on the return or $ 5,000. Section 6661(b)(1). The amount of the understatement is reduced if there is substantial authority for the tax treatment of the item or if the relevant facts affecting the item are adequately disclosed on the return. Section 6661(b)(2)(B). Petitioner presented no evidence to carry his burden of proving respondent's determination as to this issue erroneous. Accordingly, we hold that petitioner is liable for the addition to tax under section 6661. Fraud
The next issue for decision is whether petitioner is liable for additions to tax for fraud under section 6653(b)(1) and (2) for taxable years 1983 through 1985. The existence of fraud is a question of fact to be determined from the entire record. ; ; . Respondent has the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); *464 ; . For purposes of section 6653(b), fraud means "actual, intentional wrongdoing," ; or the intentional commission of an act or acts for the specific purpose of evading a tax believed to be owing. , affg. ; , affd. , cert. denied, . Fraud is never presumed or decided on the basis of suspicion; rather, it must be established by affirmative evidence. . Fraud, however, may be inferred by any conduct, the effect of which would be to mislead or conceal, , or otherwise prevent the collection of taxes, ; or where an entire course of conduct establishes the necessary intent. , *465 affg. a Memorandum Opinion of this Court; ; ; . Courts have developed a number of objective indicators, or "badges," which tend to establish fraud. . For example, respondent may show various indicia or "badges of fraud" including: (1) understatement of income, (2) inadequate records, (3) failure to file tax returns, (4) implausible or inconsistent explanations of behavior, (5) concealment of assets, (6) failure to cooperate with tax authorities, (7) engaging in illegal activities, (8) attempting to conceal illegal activities, (9) dealing in cash, and (10) failing to make estimated tax payments. ; . In the instant case, petitioner failed to file returns for tax years 1982 through 1985, filed false Forms W-4 claiming 14 withholding allowances, failed to cooperate with tax officials, and failed *466 to make estimated tax payments. As this Court stated in , a taxpayer's nonfiling of returns, when accompanied by some other indicia of fraud, such as the filing of false Forms W-4, is sufficient to constitute fraud. ; .Accordingly, we hold that petitioner is liable for the addition to tax for fraud under section 6653(b)(1) and (2) for 1983, 1984, and 1985. Proceedings Instituted Primarily For Delay
At trial, respondent orally moved for an award of damages to the United States (now called a penalty) under section 6673. For positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date, the Court may award a penalty not in excess of $ 25,000 when proceedings have been instituted or maintained primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available remedies. Sec. 6673(a)(1). [2]
*467 Because we are reluctant to impose additional monetary sanctions where there has been a determination of fraud in this case, see and compare , and given the particular circumstances of this case, we decline to award a penalty to the United States under section 6673. An appropriate order will be issued and decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years at issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Respondent also determined that petitioner is liable for the additions to tax under sec. 6653(a)(2) for the taxable years 1982, 1983, 1984, and 1985 in amounts equal to 50% of the interest due on $ 6,136, $ 8,216, $ 10,115, and $ 9,154, respectively.↩
2. The amount of the penalty was increased from $ 5,000 to $ 25,000 by the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date.↩